NO. 07-08-0448-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 9, 2010

_____

DEWAIN JENNINGS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17509-0801; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Dewain Jennings, was convicted by a jury of possession of less than one gram of a controlled substance, to-wit: cocaine, a state jail felony; Tex. Health & Safety Code § 481.115(b) (Vernon 2003),[1] and sentenced to confinement for two years. By two

_____

[1]Cocaine is a controlled substance listed in Penalty Group 1. *See* Tex. Health & Safety Code Ann. § 81.102(3)(D) (Vernon 2003).

issues, Appellant asserts the evidence is legally and factually insufficient to support his conviction. We affirm.

**Background**

On September 18, 2007, at approximately 12:00 a.m., Officers James Christopher Hall and Richard Reyes of the City of Plainview Police Department were dispatched to Room 117 of the Villa Motel to investigate a complaint that two women were using drugs in front of children.

After arriving at the motel, they identified Room 117 and knocked on the door. Appellant answered. He was smoking a cigar. The officers smelled the odor of burnt marihuana and asked Appellant to step outside where he was detained and handcuffed. Appellant informed the officers he was smoking marihuana and there was a bag of marihuana in the room atop the refrigerator. He also indicated the room was his and gave the hotel address as his own.

Inside the room,[2] the officers observed two women sitting on the bed. With consent, the officers searched their purses and discovered a crack cocaine pipe in one purse. Atop the refrigerator, the officers located a bag of marihuana. Approximately ten feet across the room opposite the refrigerator, a microwave oven sat on a table. On top of the oven, approximately chest high in plain view, the officers observed a white powdery substance

---

[2]The room was twelve and one-half feet wide and eighteen feet long with a separate door for the bathroom.

atop a playing card that was field tested and identified as cocaine.[3]  The officers arrested Appellant for possession of a controlled substance and one female for possession of drug paraphernalia.

Kishor Bhakta, owner and manager of the Villa Motel, testified the room was registered to "Ma Inez Torres" for September 17 and 18.  He also testified he had seen Appellant around the motel a significant amount of time.

On the trial's conclusion, the jury found Appellant guilty of possession of a controlled substance, cocaine, in an amount of less than one gram and sentenced him to two years confinement.  After the trial court issued its Judgment of Conviction, Appellant filed this appeal.

**Discussion**

In two issues, Appellant asserts the evidence is legally and factually insufficient to establish he exercised actual care, control, custody or management over the cocaine.

---

[3]At trial, Scott Williams, forensic scientist for the Texas Department of Public Safety Crime Laboratory Division, identified the white, powdery substance as 0.03 grams of cocaine.

### I.    Standard(s) of Review

When an appellant challenges both legal and factual sufficiency, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).   In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.    *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. 2007).

In a factual sufficiency review, we must consider all of the evidence in a neutral light to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *See Watson v. State,* 204 S.W.3d 404, 415 (Tex.Crim.App. 2006).  In our analysis, we must determine whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. *See Steadman v. State,* 280 S.W.3d 242, 246 (Tex.Crim.App. 2009).  A wrong and unjust verdict includes instances in which the jury's findings "shocks the conscience," or clearly demonstrates bias. *See Grotti v. State,* 273 S.W.3d 273, 280 (Tex.Crim.App. 2008).  In doing a factual sufficiency review, we must be mindful that a jury has already passed on the facts and must give due deference to the determinations of the jury. *See Lancon v. State,* 253 S.W.3d 699, 704-05 (Tex.Crim.App. 2008).  If our decision is to set aside the verdict of the jury, our opinion should clearly explain how the evidence supporting the

4

verdict is too weak on its own or how the contradicting evidence so greatly outweighs the evidence in support of the verdict. *See id.* Conversely, if our decision is to uphold a verdict, we are required to consider the most important evidence that the appellant claims undermines the jury's verdict and explain why that evidence does not have the persuasive force the appellant believes is sufficient to overturn the verdict. *See Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

In a sufficiency of the evidence review, the essential elements of the offense are those of a hypothetically correct jury charge for the offense in question (i.e., one that accurately sets out the law and adequately describes the offense for which the appellant was tried without increasing the state's burden of proof or restricting the state's theory of criminal responsibility.) *Hooper,* 214 S.W.3d at 14; *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

In our review, we consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from that evidence. *Hooper,* 214 S.W.3d at 13. Circumstantial evidence alone is sufficient to establish the guilt of the accused and the standard of review as to the sufficiency of the evidence is the same for both direct and circumstantial evidence cases. *Id.* Each fact need not point directly and independently to the guilt of the accused, so long as the cumulative force of all the evidence, when coupled with reasonable inferences to be drawn from that evidence, is sufficient to support the conviction. *Evans v. State,* 202 S.W.3d 158, 166 (Tex.Crim.App. 2006).

## II.      Possession of a Controlled Substance

A conviction for possession of cocaine is supported only when the defendant "knowingly or intentionally possesses" the drug.  *See* Tex. Health & Safety Code Ann. 481.115(a) (Vernon 2003).  Proof of possession requires evidence the accused exercised "actual care, custody, control, or management" over the substance.  *See* Tex. Health & Safety Code Ann. 481.002(38) (Vernon 2003).  Thus, the State must prove the accused (1) "exercised care, custody, control, or management over the [contraband]" and (2) knew that the substance "possessed" was contraband.[4]  *Martin v. State*, 753 S.W.2d 384, 386 (Tex.Crim.App. 1988).

When the accused is not in exclusive control of the place where the contraband is found, the State must establish care, custody, control or management by linking the accused to the substance through additional facts and circumstances.  *See Evans v. State*, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005).   Whether the State's evidence is direct or circumstantial, its evidence of links must establish, "to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous."  *Poindexter*, 153 S.W.3d at 405-60 (citing *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995); *Park v. State*, 8 S.W.3d 351, 353 (Tex.App.–Amarillo 1999, no pet.).

---

[4]Appellant does not contend he was unaware the white substance was cocaine.

The many factors by which an accused may, under the unique circumstances of each case, be sufficiently "linked" to the contraband, include: (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of contraband when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12. *See Triplett v. State,* 292 S.W.3d 205, 208 (Tex.App.–Amarillo 2009, pet. ref'd.) (numerous factors listed). These factors, however, are simply that –factors which may circumstantially establish the sufficiency of evidence offered to prove a knowing "possession." *Evans*, 202 S.W.3d at 162 n.12 ("They are not a litmus test."). It is not the number of links that is dispositive, but rather the logical force of all the evidence. *Id.* at 162.

**III.    Legal Sufficiency**

Appellant correctly states that mere presence at a location where drugs are found is insufficient by itself to establish actual care, custody, or control of the drugs. *Evans,* 202 S.W.3d at 162. However, presence, proximity, and plain view, when combined with other evidence, either direct or circumstantial, may well be sufficient to establish "possession" beyond a reasonable doubt. *Id.*

Here, the State has produced evidence of the presence of at least eight of the fourteen factors cited in *Evans*. Appellant answered the officers' knock at the door;[5] he asserted the room was his and gave the address of the Villa Motel as his own during booking;[6] he was using marihuana and was under its influence when arrested;[7] he was present when the search was conducted;[8] the cocaine and bag of marihuana were in plain

---

[5]That the accused answers the door to the hotel room is evidence of control. *Watson v. State*, 861 S.W.2d 410, 415-16 (Tex.App.–Beaumont 1993, pet. ref'd).

[6]Whether the accused "owned or had the right to possess where drugs were found" is also a factor linking the accused to the contraband. *Beall v. State*, 237 S.W.3d 841, 850 (Tex.App.–Fort Worth 2007, no pet.).

[7]The presence and/or use of other contraband are affirmative links from which to infer knowledge and control. *See Peters v. State*, 93 S.W.3d 347, 356 (Tex.App.–Houston [14th Dist.] 2002, pet. ref'd) (presence of shotgun and marihuana admissible to prove appellant's knowledge and control over cocaine). *See also Hyett v. State*, 58 S.W.3d 826, 830 (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd) (listing presence of other contraband as "affirmative link" from which to infer knowledge and control); *Levario v. State*, 964 S.W.2d 290, 295 (Tex.App.–El Paso 1997, no pet.) (considering presence of marihuana in sufficiency review).

[8]*See Isham v. State*, 258 S.W.3d 244, 248 (Tex.App.–Eastland 2008, pet. ref'd).

view, easily accessible and in close proximity;[9] the drugs were recovered from an enclosed space–a small hotel room;[10] and the room smelled of burnt marihuana.[11]

Although no direct evidence shows Appellant exercised care, control, and/or management over the cocaine found in the motel room, the State presented sufficient circumstantial evidence to allow a reasonable jury to rationally infer and find beyond a reasonable doubt that Appellant possessed the cocaine. *See Park*, 8 S.W.3d at 353-54 (upholding conviction on evidence that accused controlled hotel room, drugs were in plain view and accessible to accused, room smelt of burnt marihuana, accused and guest were only two persons in the room); *Levario*, 964 S.W.2d at 295 (upholding conviction on evidence of accused inhabiting the room, his proximity to the drug, the accessibility of the drug to the accused, and the drug's visibility). Therefore, we find the evidence legally sufficient to support the conviction. Appellant's first issue is overruled.

## IV. Factual Sufficiency

The evidence relevant to Appellant's guilt was essentially uncontradicted. Disputing the inferences to be drawn from the facts, Appellant argues the facts demonstrated he was merely in the motel room and not using cocaine. In support, he asserts: (1) one of the

---

[9]Whether contraband "was conveniently accessible to the accused" is a factor in linking the accused to the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981).

[10]*See Barrett v. State*, No. 03-06-00102-CR, 2007 WL 1790709, at *5 (Tex.App.–Austin 2007, no pet.) (not designated for publication); *Trevino v. State*, No. 13-02-00223-CR, 2004 WL 169232, at *3 (Tex.App.–Corpus Christi, no pet.) (not designated for publication).

[11]*See Park*, 8 S.W.3d at 354.

9

females was linked to the cocaine because she was carrying a crack cocaine pipe in her purse; (2) the motel room was registered in another person's name; (3) officers did not observe Appellant close to the cocaine; (3) Appellant appeared surprised when the officers discovered cocaine in the room; (4) Appellant had no drug paraphernalia on his person; and (5) only traces of cocaine were found in the room.[12] On the other hand, Officer Reyes and DPS's Williams testified at trial that the type of cocaine found in the motel room was typically taken through the nose or injected–not smoked in a pipe. In addition, although the room was registered to another person, Bhakta, the motel's owner/manager, had noticed Appellant at the motel a significant amount of time.

We are not free to weigh the evidence merely because a different result may be more reasonable. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App. 1996). To the extent there was any contradictory evidence, we note that the jury, as the trier of fact, is the sole judge of the credibility of witnesses and the weight to be given to testimony. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). Considering the above evidence in a neutral light, the evidence cited by Appellant does not demonstrate the proof of guilt was so weak as to undermine confidence in the jury's determinations or greatly outweighed contrary proof.

---

[12]Appellant also points to the absence of evidence of some of the links to support his assertion that the cocaine was not in his actual care, custody, control, or management. True, there was no evidence of conflicting statements by the persons in the motel room, affirmative statements about the cocaine, the presence of a large sum of money, an odor of cocaine, and the cocaine was not hidden within the room. The absence of some links evidence, is not, however, evidence of an appellant's innocence to be weighed against other evidence tending to link him with the contraband. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex.Crim.App. 1976). Rather, the issue is whether there is sufficient evidence linking Appellant to the contraband to support the reasonable inference that he was knowingly in possession of the cocaine. *Id.*

Thus, we hold the evidence was factually sufficient to support Appellant's conviction.  His second issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.