Christina Elizabeth PARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 99–0226–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 10, 1999.

Gary Warren, Anyanwu & Associates, P.C., Dallas, for appellant.

Dallas County Dist. Atty. Office, Bill Hill, Crim. Dist. Atty., Anne B. Wetherholt, Asst. Crim. Dist. Atty., Dallas, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

BRIAN QUINN, Justice.

Christina Elizabeth Park (appellant) appeals from a judgment convicting her of possessing two or less ounces of marijuana. Her sole point of error involves the legal and factual sufficiency of the evidence underlying the conviction.[1] She alleges that it was insufficient to prove she "knowingly possessed" the contraband. We affirm.

### Standard of Review

When both legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim.App.1996). In determining whether a verdict enjoys the support of legally sufficient evidence, we ask if, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App.1995). If the answer is yes, then the evidence underlying the conviction is legally sufficient.

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review under *Clewis*. In assessing the verdict's factual sufficiency, we put aside the requirement that the evidence be viewed through a prism of light favorable to the State. Instead, our task is to peruse the entire record and decide whether the overwhelming weight of the evidence so contradicts the verdict as to make that verdict clearly wrong or unjust. *Clewis v. State*, 922 S.W.2d at 129; *Hall v. State*, 970 S.W.2d 137, 140 (Tex. App.—Amarillo 1998, pet. ref'd); *Bruno v. State*, 922 S.W.2d 292, 293 (Tex.App.— Amarillo 1996, no pet.). In defining when the scale so tilts, the *Clewis* court invoked such nebulously descriptive terms as "shocks the conscience" and "clearly demonstrates bias." *Clewis v. State*, 922 S.W.2d at 135.

■ Regardless of which standard is utilized, however, it remains axiomatic that we defer to the jury's resolution of factual disputes. That is, the power to reasonably infer facts from the evidence, to resolve credibility issues, and to determine who to believe or disbelieve is not ours but the jury's. *Depauw v. State*, 658 S.W.2d 628, 633–34 (Tex.App.—Amarillo 1983, pet. ref'd).

■ Next, to secure a conviction for possessing a controlled substance, the State must prove that the defendant exercised care, custody, or control over the drugs, was conscious of his connection with the drugs, and knew the substance to be drugs. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995) (en banc); *Cantu v. State*, 944 S.W.2d 669, 670 (Tex.App.— Corpus Christi 1997, pet. ref'd). And,

---

1. It is unclear whether appellant questions both the legal and factual sufficiency of the evidence. However, we address both out of caution.

whether the evidence be direct or circumstantial, it must be adequate to illustrate, "to the requisite level of confidence, that the ... connection with the drug was more than just fortuitous." *Brown v. State*, 911 S.W.2d at 747. Yet, it must be remembered that circumstantial, as opposed to direct, evidence can be used to prove each element.

■ Furthermore, the courts have divined numerous factors useful in determining whether the accused's link to the contraband was more than mere fortuity. Though the factors are not exclusive, they nevertheless include such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made any incriminating statements, 7) the defendant attempted to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive or joint possession of the locale at which the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal the contraband, and 14) the accused was familiar with the type of contraband. *Kyte v. State*, 944 S.W.2d 29, 31 (Tex.App.—Texarkana 1997, no pet.); *Hurtado v. State*, 881 S.W.2d 738, 743 n. 1 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Furthermore, the number of factors established is not as important as the degree to which they tend to affirmatively link the defendant to the contraband. *Wallace v. State*, 932 S.W.2d 519, 524 (Tex. App.—Tyler 1995, pet. ref'd). In other words, if evidence satisfying less than all the aforementioned indicia is produced, conviction may still be permitted if the evidence establishes, beyond reasonable doubt, appellant's knowing link to the drugs.

### Application of Standard

■ The record discloses that appellant, a 17-year-old female, used the "i.d." of a friend to rent a hotel room. Police were notified of the circumstance and appeared at the room to investigate. They knocked and appellant opened the door and "invited" them in. Appellant was not alone. Inside was a 17-year-old boy who initially told the officer his name was Marcus Wray. Later, it was discovered that Wray was actually an individual named Doug Hill. No others persons were found therein.

Upon perusing the room, the officer saw, in plain view, a twelve pack of beer atop the television. Approximately six of the beers had been consumed and the empty containers returned to the pack. Next to the beer, and also in plain view, were marijuana seeds. When asked to whom these items belonged, Wray stated that they were his.

Further perusal revealed a six pack of another intoxicating beverage setting on a nightstand. The nightstand was located between the two beds in the room. And, next to these beverages lay an ashtray containing two partially consumed marijuana cigarettes. When asked, neither occupant of the room admitted that the marijuana was theirs. Yet, the ashtray lay closer to the bed whereon appellant's book bag and purse were found. Furthermore, an officer testified that appellant admitted lying in that particular bed sometime earlier.

At trial, appellant testified that she had used marijuana when she was 15 but that she had not done so since. So too did she admit that she was familiar with marijuana and its smell. And, according to one officer, the hotel room smelled "moderately" of marijuana when he entered it.

From the foregoing, we find evidence that 1) appellant rented and controlled the

room, 2) appellant occupied a bed within very close proximity to the marijuana cigarettes, 3) the contraband lay closer to her bed than the other, 4) the contraband was not only visible but also in plain view, 5) appellant was familiar with marijuana and its smell, 6) the room smelled of burnt marijuana, 7) appellant obtained the room through false pretenses, 8) appellant knew Wray gave a false name to the police, 9) appellant and Wray were the only two people in the room, and 10) nothing visibly indicated that anyone other than Wray and appellant had been in the room. Additionally, one could also reasonably infer, given the circumstances, that appellant rented the room so that she could party with her friend, Wray. These indicia and inferences (when construed in a light most favorable to the verdict) not only suffice to establish an affirmative link between appellant and the drug but also enable us to conclude that a rational jury could have found, beyond a reasonable doubt, that she knowingly possessed the contraband. *See Levario v. State*, 964 S.W.2d 290 (Tex.App.—El Paso 1997, no pet.) (upholding conviction on evidence of Levario's inhabiting the room, his proximity to the drug, the accessibility of the drug to Levario, and the drug's visibility); *Watson v. State*, 861 S.W.2d 410, 415 (Tex.App.—Beaumont 1993, pet. ref'd) (construing appellant's opening the door to the room as evidence of control).

Admittedly, appellant denied having knowledge of the drug. So too did she testify that she rented the room for Wray, that she was gone for approximately an hour to an hour and a half, and that Wray had others visit him while she was gone. To the extent that these circumstances tend to illustrate that she did not knowingly possess the drugs, they merely raised fact questions and credibility issues for the jury to resolve. They were not of that quality which seriously impugned the evidence indicative of her guilt, even when added to Wray's admission that the marijuana seeds were his. Thus, our review of the entire record fails to convince us that

the verdict was clearly wrong or manifestly unjust.

In sum, we find the evidence both legally and factually sufficient. Therefore, the point of error asserted by appellant is overruled, and the judgment of the trial court is affirmed.