NO. 07-01-0202-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 8, 2001


______________________________



SUSAN J. FRANKLIN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-431,052; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Before QUINN, REAVIS AND JOHNSON, J.J.

 Susan J. Franklin (appellant) appeals from a judgment revoking her community
supervision and sentencing her to prison. Through two points of error, she argues the
evidence was insufficient to show she violated the terms and conditions of her community
supervision. Because we conclude that the court did not abuse its discretion in revoking
her probation, we affirm. 

 Background

 In August of 2000, appellant was convicted of the felony offense of delivery of a
controlled substance in a drug free zone and sentenced to ten years imprisonment. 
However, the court suspended the sentence and placed her on community supervision. 
Various conditions to her community supervision were imposed. 

 Shortly after being placed on community supervision, the State moved to revoke
appellant's community supervision. It did so on the basis that she failed to comply with the
two conditions. The trial court, after hearing all the evidence presented, revoked her
community supervision and sentenced appellant to ten years imprisonment.

Insufficiency of the Evidence

 As her second issue, appellant argues the evidence was insufficient to support the
trial court's finding that appellant violated condition "a." Through that condition, she was
directed to "commit no offense against the laws of this or any other State or the United
States." We overrule the issue.

 The State alleged that appellant violated condition "a" by possessing a
methamphetamine with intent to distribute, by simply possessing methamphetamine, and
by possessing marijuana. When one is charged with possessing a controlled substance,
it is incumbent upon the State to prove two things. First, it must show that the accused
exercised actual care, control, or management over the contraband. King v. State, 895
S.W.2d 701, 703 (Tex. Crim. App. 1995). That is, the accused's association with the
contraband must be more than merely fortuitous. Second, the State must also illustrate
that the appellant knew the nature of the substance he controlled. Id.

 Furthermore, the courts have divined numerous factors useful in determining
whether the accused's link to the contraband was more than mere fortuity. Though the
factors are not exclusive, they nevertheless include such things as whether 1) the accused
was present at the search, 2) the contraband was plainly visible by those present, 3) the
drugs were near the defendant, 4) the defendant was under the influence of the substance
found, 5) the defendant possessed other contraband or drug paraphernalia when arrested,
6) the defendant made any incriminating statements, 7) the defendant attempted to flee,
8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at
the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had
the right to exclusive or joint possession of the locale at which the drugs were found, 12)
the place where the drugs were found was enclosed, 13) the accused attempted to conceal
the contraband, and 14) the accused was familiar with the type of contraband. Park v.
State, 8 S.W.3d 351, 353 (Tex. App.-Amarillo 1999, no pet.). Incidentally, the number of
factors established is not as important as the degree to which they tend to affirmatively link
the defendant to the contraband. Id. In other words, if evidence satisfying less than all the
aforementioned indicia is produced, conviction may still be upheld if the evidence
establishes, beyond reasonable doubt, appellant's knowing link to the drugs. Id.

 In reviewing the record, we find evidence illustrating that appellant was present in
the residence during the search. She also told one of the officers that she "maintained the
residence." Moreover, items of "mail and articles [were] addressed to her [at] the
residence." From this, an officer deduced that appellant "was the one in control during
[execution of] the search warrant itself." Additionally, marijuana was found on the coffee
table in plain view in the living room where appellant was seated, and, according to one
officer at the scene, the marijuana emitted a recognizable odor. Also in the living room
and atop the television were nine syringes, a spoon with a tan residue, and a syringe
containing methamphetamine. Upon further investigation, the officers found drug
paraphernalia such as syringes, cotton swabs, and a drug ledger in appellant's bedroom. 
More paraphernalia was discovered in a large silver metal box located in another room of
the residence. This evidence sufficiently linked appellant to the controlled substances
located in her home. And, the trial court did not err in concluding that she possessed the
methamphetamine and marijuana found therein. (1) 

 Accordingly, we overrule appellant's point of error and affirm the judgment entered
below. 

 

 Brian Quinn 

 Justice 



Do not publish. 
1. Appellant also contends that the evidence was insufficient to show she violated term "u" of her
community supervision. However, we need not consider this allegation since one sufficient ground for
revocation will support the court's order to revoke probation. Id. (citing Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980).