NO. 07-01-0202-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 8, 2001
_____

SUSAN J. FRANKLIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431,052; HON. CECIL G. PURYEAR, PRESIDING
_____

Before QUINN, REAVIS AND JOHNSON, J.J.

Susan J. Franklin (appellant) appeals from a judgment revoking her community supervision and sentencing her to prison.  Through two points of error, she argues the evidence was insufficient to show she violated the terms and conditions of her community supervision. Because we conclude that the court did not abuse its discretion in revoking her probation, we affirm.

***Background***

In August of 2000, appellant was convicted of the felony offense of delivery of a controlled substance in a drug free zone and sentenced to ten years imprisonment. However, the court suspended the sentence and placed her on community supervision. Various conditions to her community supervision were imposed.

Shortly after being placed on community supervision, the State moved to revoke appellant's community supervision. It did so on the basis that she failed to comply with the two conditions. The trial court, after hearing all the evidence presented, revoked her community supervision and sentenced appellant to ten years imprisonment.

### *Insufficiency of the Evidence*

As her second issue, appellant argues the evidence was insufficient to support the trial court's finding that appellant violated condition "a." Through that condition, she was directed to "commit no offense against the laws of this or any other State or the United States." We overrule the issue.

The State alleged that appellant violated condition "a" by possessing a methamphetamine with intent to distribute, by simply possessing methamphetamine, and by possessing marijuana. When one is charged with possessing a controlled substance, it is incumbent upon the State to prove two things. First, it must show that the accused exercised actual care, control, or management over the contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). That is, the accused's association with the contraband must be more than merely fortuitous. Second, the State must also illustrate that the appellant knew the nature of the substance he controlled. *Id.*

2

Furthermore, the courts have divined numerous factors useful in determining whether the accused's link to the contraband was more than mere fortuity. Though the factors are not exclusive, they nevertheless include such things as whether 1) the accused was present at the search, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made any incriminating statements, 7) the defendant attempted to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive or joint possession of the locale at which the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal the contraband, and 14) the accused was familiar with the type of contraband. *Park v. State*, 8 S.W.3d 351, 353 (Tex. App.–Amarillo 1999, no pet.). Incidentally, the number of factors established is not as important as the degree to which they tend to affirmatively link the defendant to the contraband. *Id*. In other words, if evidence satisfying less than all the aforementioned indicia is produced, conviction may still be upheld if the evidence establishes, beyond reasonable doubt, appellant's knowing link to the drugs. *Id*.

In reviewing the record, we find evidence illustrating that appellant was present in the residence during the search. She also told one of the officers that she "maintained the residence." Moreover, items of "mail and articles [were] addressed to her [at] the residence." From this, an officer deduced that appellant "was the one in control during [execution of] the search warrant itself." Additionally, marijuana was found on the coffee

3

table in plain view in the living room where appellant was seated, and, according to one officer at the scene, the marijuana emitted a recognizable odor. Also in the living room and atop the television were nine syringes, a spoon with a tan residue, and a syringe containing methamphetamine. Upon further investigation, the officers found drug paraphernalia such as syringes, cotton swabs, and a drug ledger in appellant's bedroom. More paraphernalia was discovered in a large silver metal box located in another room of the residence. This evidence sufficiently linked appellant to the controlled substances located in her home. And, the trial court did not err in concluding that she possessed the methamphetamine and marijuana found therein.[1]

Accordingly, we overrule appellant's point of error and affirm the judgment entered below.

Brian Quinn
Justice

Do not publish.

---

[1]Appellant also contends that the evidence was insufficient to show she violated term "u" of her community supervision. However, we need not consider this allegation since one sufficient ground for revocation will support the court's order to revoke probation. *Id.* (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).