BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-05-0387-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 25, 2006


______________________________



DOUGLAS D. COX,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-409,333; HON. JIM BOB DARNELL, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Douglas D. Cox (appellant) appeals his conviction for theft from a person 65 or over. 
After granting appellant a prior extension, his brief was due no later than April 17, 2006 (a
date requested by appellant's counsel). No brief has been received by this court. Nor has
appellant explained the delay. 

 Consequently, we abate the appeal and remand the cause to the 140th District
Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal; and,


 2. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file appellate brief. 
See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83
L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled
to the effective assistance of counsel on the first appeal as of right
and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before May 25, 2006. Should additional
time be needed to perform these tasks, the trial court may request same on or before May
25, 2006.

 It is so ordered.

 Per Curiam

Do not publish.



cused
was present at the search, 2) the contraband was plainly visible by those present, 3) the
drugs were near the defendant, 4) the defendant was under the influence of the substance
found, 5) the defendant possessed other contraband or drug paraphernalia when arrested,
6) the defendant made any incriminating statements, 7) the defendant attempted to flee,
8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at
the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had
the right to exclusive or joint possession of the locale at which the drugs were found, 12)
the place where the drugs were found was enclosed, 13) the accused attempted to conceal
the contraband, and 14) the accused was familiar with the type of contraband. Park v.
State, 8 S.W.3d 351, 353 (Tex. App.-Amarillo 1999, no pet.). Incidentally, the number of
factors established is not as important as the degree to which they tend to affirmatively link
the defendant to the contraband. Id. In other words, if evidence satisfying less than all the
aforementioned indicia is produced, conviction may still be upheld if the evidence
establishes, beyond reasonable doubt, appellant's knowing link to the drugs. Id.

 In reviewing the record, we find evidence illustrating that appellant was present in
the residence during the search. She also told one of the officers that she "maintained the
residence." Moreover, items of "mail and articles [were] addressed to her [at] the
residence." From this, an officer deduced that appellant "was the one in control during
[execution of] the search warrant itself." Additionally, marijuana was found on the coffee
table in plain view in the living room where appellant was seated, and, according to one
officer at the scene, the marijuana emitted a recognizable odor. Also in the living room
and atop the television were nine syringes, a spoon with a tan residue, and a syringe
containing methamphetamine. Upon further investigation, the officers found drug
paraphernalia such as syringes, cotton swabs, and a drug ledger in appellant's bedroom. 
More paraphernalia was discovered in a large silver metal box located in another room of
the residence. This evidence sufficiently linked appellant to the controlled substances
located in her home. And, the trial court did not err in concluding that she possessed the
methamphetamine and marijuana found therein. (1) 

 Accordingly, we overrule appellant's point of error and affirm the judgment entered
below. 

 

 Brian Quinn 

 Justice 



Do not publish. 
1. Appellant also contends that the evidence was insufficient to show she violated term "u" of her
community supervision. However, we need not consider this allegation since one sufficient ground for
revocation will support the court's order to revoke probation. Id. (citing Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980).