NO. 07-09-00376-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
23, 2010

 



 

RICKY BOLTON, JR.,

A/K/A RICKY JUNIOR BOLTON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 58,354-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Ricky Bolton, Jr., appeals
his conviction for possession of a controlled substance, cocaine, less than one
gram.[1]  Appellant was sentenced to two years in a
State Jail Facility of the Texas Department of Criminal Justice
(SJF-TDCJ).  Appellant appeals the
judgment of the trial court contending that the evidence was legally and
factually insufficient to sustain the jury’s verdict.  We affirm.

 

Factual and Procedural Background

            On
August 13, 2008, Officer Terry Moore of the Amarillo Police Department was
dispatched to a Toot’n Totum
convenience store at 1400 East Amarillo Boulevard as part of a forgery
investigation.  Upon arriving at the Toot’n Totum, Moore observed a
1999 Chevrolet Lumina containing two occupants parked in the parking lot.  When Moore pulled into the parking lot, both
occupants of the Lumina appeared to duck down. 
Upon obtaining information that the Lumina might have
been involved in the forgery incident, Moore and another officer, Scott Chappel, approached the Lumina in order to interview the
two occupants.  Appellant was
seated in the front passenger seat of the Lumina.  Chappel approached
the driver, and Moore went to the front passenger side to speak to appellant.

            As
Moore approached appellant, he noticed that appellant appeared to be
nervous.  When asked for identification,
appellant said he did not have any.  When
speaking to Moore, appellant would not make eye contact and spoke in such a low
tone that Moore had trouble understanding appellant.  Moore then asked appellant to step from the
vehicle and, instead of getting out of the vehicle, appellant took his left
hand and reached back towards his back left pocket.  Moore testified he thought appellant might be
going for a weapon.  Appellant was
ordered to show his hand, and, instead of showing his left hand as directed,
appellant reached down the right side of the seat with his closed right
hand.  As appellant made this second move
with his hand, Moore reached in through the window to grab appellant’s arm to
get control of the situation.  Appellant
kept his right hand tightly closed even as Moore delivered two blows to it in
an effort to force the hand open.  

            Eventually,
with the assistance of another officer, Moore pulled appellant from the
vehicle.  As appellant was being wrestled
to the ground, he still kept his right hand tightly closed.  While the police attempted to pull
appellant’s arms behind his back to apply hand-cuffs, Moore noticed appellant
make a throwing gesture with his right hand. 
Moore testified that he did not see anything fly out of appellant’s
hand; however, upon gaining control of appellant, Moore peered under the
vehicle toward which appellant made the throwing gesture.  Under the vehicle, Moore found a plastic
baggie of crack cocaine.  After appellant
had been secured, Moore checked the area around where appellant had been seated
and found a glass crack pipe stuffed between appellant’s seat and the
console.  Moore testified that this was
where appellant had reached with his left hand. 
After the cocaine was retrieved, it was placed in the property room of
the police department until it was taken to the Department of Public Safety
laboratory for testing.  

            Chappel testified that he did not see appellant make the
throwing gesture.  However, Chappel also testified that he remembered that, all during
the struggle to get appellant out of the vehicle, appellant kept his right hand
securely clinched.  Chappel
did recall that Moore commented on appellant making a throwing motion and that
the comment was made before the cocaine was found under the vehicle.

            The
jury convicted appellant and he was subsequently sentenced to serve two years
in a SJF-TDCJ.  Via two issues, appellant
contends that the evidence was legally and factually insufficient to link
appellant to the contraband discovered under the vehicle.  Disagreeing with appellant, we affirm the
trial court’s judgment.

Standard of Review

When an
appellant challenges both legal and factual sufficiency, we are required to
conduct an analysis of the legal sufficiency of the evidence first and then, only
if we find the evidence to be legally sufficient, do we analyze the factual
sufficiency of the evidence. See Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.
1996).  In assessing the legal
sufficiency of the evidence, we review all the evidence in the light most
favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  See Jackson
v. Virginia, 443 U.S. 307, 319,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hooper v.
State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). 
In conducting a legal sufficiency review, an appellate court may not
usurp the role of the factfinder; rather, our role on
appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally.  See Laster
v. State, 275 S.W.3d 512, 517 (Tex.Crim.App.
2009).   

            In a factual sufficiency review, we must consider all of
the evidence in a neutral light to determine whether a jury was rationally
justified in finding guilt beyond a reasonable doubt.  See
Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App.
2006).  In our analysis, we must
determine whether the evidence supporting the verdict is so
weak or so against the great weight and preponderance of the evidence as to
render the verdict manifestly unjust.  See Steadman v. State, 280 S.W.3d 242,
246 (Tex.Crim.App. 2009).  A wrong and unjust verdict includes instances
in which the jury’s finding “shocks the conscience[]”
or clearly demonstrates bias.  See Grotti
v. State, 273
S.W.3d 273, 280 (Tex.Crim.App. 2008).  In a factual sufficiency review, we must be
mindful that a jury has already passed on the facts and must give due deference
to the determinations of the jury.  See Lancon
v. State, 253
S.W.3d 699, 704-05 (Tex.Crim.App. 2008).  If our decision is to set aside the verdict
of the jury, our opinion should clearly explain how the evidence supporting the
verdict is too weak on its own or how the contradicting evidence so greatly
outweighs the evidence in support of the verdict.  See
id. at 705.  Conversely,
if our decision is to uphold a verdict, we are required to consider the most
important evidence that the appellant claims undermines the jury's verdict and
explain why that evidence does not have the persuasive force the appellant
believes is sufficient to overturn the verdict. 
See Sims v. State, 99 S.W.3d 600,
603 (Tex.Crim.App. 2003).

            In a sufficiency of the evidence review, the essential
elements of the offense are those of a hypothetically correct jury charge for
the offense in question (i.e., one that accurately sets out the law and
adequately describes the offense for which the appellant was tried without
increasing the State’s burden of proof or restricting the State’s theory of
criminal responsibility).  See Hooper, 214 S.W.3d at 14; Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997). 

            In
our review, we consider both direct and circumstantial evidence and all
reasonable inferences that may be drawn from that evidence.  See Hooper, 214 S.W.3d at 13.  Circumstantial evidence alone is sufficient
to establish the guilt of the accused, and the standard of review as to the
sufficiency of the evidence is the same for both direct and circumstantial
evidence cases.   See id.  Each fact need not point directly and
independently to the guilt of the accused, so long as the cumulative force of
all the evidence, when coupled with reasonable inferences to be drawn from that
evidence, is sufficient to support the conviction.  See id. 

Possession of a Controlled Substance

A conviction for possession of cocaine is supported only
when the defendant Aknowingly or intentionally possesses@ the drug.  Tex.
Health & Safety Code Ann. § 481.115(a) (Vernon 2010).  Proof of possession requires evidence the
accused exercised Aactual care, custody, control, or
management@ over the substance.  See id. § 481.002(38)
(Vernon 2010).  Thus, the State must
prove the accused (1) Aexercised care, custody, control, or
management over the [contraband]@ and (2) knew that
the substance Apossessed@ was
contraband.  See Martin v. State, 753 S.W.2d 384, 387 (Tex.Crim.App.
1988).

When the accused is not in exclusive control of the place
where the contraband is found, the State must establish care, custody, control,
or management by linking the accused to the substance through additional facts
and circumstances.  See Evans v. State, 202 S.W.3d 158,
161-62 (Tex.Crim.App. 2006); Poindexter v. State, 153 S.W.3d
402, 406 (Tex.Crim.App. 2005).  Whether the State=s evidence is
direct or circumstantial, its evidence of links must establish, Ato the requisite
level of confidence, that the accused=s connection with
the drug was more than just fortuitous.@  Poindexter,
153 S.W.3d at 405-06 (citing Brown
v. State, 911 S.W.2d 744, 747 (Tex.Crim.App.
1995)); Park v. State, 8
S.W.3d 351, 353 (Tex.App.BAmarillo
1999, no pet.).

  The many factors by
which an accused may, under the unique circumstances of each case, be
sufficiently Alinked@ to the
contraband, include: (1) the defendant=s presence when a
search is conducted; (2) whether the contraband is in plain view; (3) the
defendant=s proximity to and the accessibility of
the contraband; (4) whether the defendant was under the influence of contraband
when arrested; (5) whether the defendant possessed other contraband or
narcotics when arrested; (6) whether the defendant made incriminating statements
when arrested; (7) whether the defendant attempted to flee; (8) whether the
defendant made furtive gestures; (9) whether there was an odor of contraband;
(10) whether other contraband or drug paraphernalia were present; (11) whether
the defendant owned or had the right to possess the place where the drugs were
found; (12) whether the place where the drugs were found was enclosed; (13)
whether the defendant was found with a large amount of cash; and (14) whether
the conduct of the defendant indicated a consciousness of guilt. Evans, 202
S.W.3d at 162 n.12; See Triplett
v. State, 292 S.W.3d 205, 208 (Tex.App.BAmarillo
2009, pet. ref’d.)
(listing numerous factors).  These factors, however, are simply that:
factors which may circumstantially establish the sufficiency of evidence
offered to prove a knowing Apossession.@  See Evans, 202 S.W.3d at 162 n.12 (explaining
that factors Aare not a litmus test@).  It is not the number of links that is
dispositive, but rather the logical force of all the evidence.  See id. at 162.

 

 

 

Analysis

Appellant
contends that a lack of links to the contraband makes the evidence legally and
factually insufficient.  This is so,
according to appellant, because no one testified that they saw appellant
actually throw the baggie of cocaine later found beneath the car.  Appellant’s theory of the case continues
that, since Moore only saw a throwing motion, there is no link between
appellant and the later found baggie. 

Links

            The record before the Court contains the following facts
that link appellant to the contraband in question: 1) appellant’s conduct
indicated a consciousness of guilt in that he: a) slid down and tried to duck
down in his seat when the police arrived at the location of the forgery, b)
appeared nervous when Moore approached him, c) would not make eye contact with
Moore, d) replied to questions in such a low voice that Moore had difficulty
hearing him, and e) refused to exit the vehicle when ordered; 2) appellant made
a furtive gesture with his left hand; 3) appellant had his right fist closed and
refused to open it; 4) the closed fist was the hand with which appellant made
the throwing gesture; 5) the cocaine was found at a location which was in line
with the throwing gesture made by appellant; and 6) the glass crack pipe was
found between the seat appellant occupied and the console.  See id. at 162.

Legal Sufficiency

            When the links that tie appellant to the contraband are
examined, we are left with a significant amount of testimony connecting
appellant to the cocaine.  Remembering
that circumstantial evidence is as probative of the links required as is direct
evidence, we conclude that the links recited above are sufficient to legally
connect appellant to the contraband.  See
Hooper, 214
S.W.3d at 13.  Finally, we must be
mindful that it is not the number of links that are important but the logical
force of the links in question that is important.  Evans, 202 S.W.3d at 162. 
Because we find there are sufficient links to connect appellant to the
cocaine, the jury was acting as a rational factfinder
when it found appellant guilty beyond a reasonable doubt.  Jackson, 443 U.S. at 319; Hooper, 214 S.W.3d at 13.  Appellant’s first issue is overruled.

Factual Sufficiency

            The same links that tie appellant to the cocaine in a
legal sufficiency review are present when the evidence is viewed in a neutral
light, as we must do when reviewing factual sufficiency issues.  Watson, 204 S.W.3d at 415.  Further, nothing about the jury’s finding
“shocks the conscience” or clearly demonstrates bias.  See
Grotti,
273 S.W.3d at 280. 
Neither is the evidence so weak as to render the verdict manifestly
unjust.  See Steadman, 280 S.W.3d at 246. 
Simply stated, from appellant’s first contact with Moore, he sensed that
appellant was trying to hide something. 
Appellant’s actions in refusing to show his hands and then keeping the
right hand in a closed fist were indications that appellant had
contraband.  When we add to this the
throwing motion and finding the cocaine directly in line with where the
throwing motion indicated, we have factually sufficient evidence to connect
appellant with the cocaine.  Finally,
finding the glass crack pipe stuffed down between the seat and the console
where Moore observed appellant place his left hand further ties appellant to
the cocaine.  All of this evidence serves
as links to tie appellant to the cocaine. 
See Evans, 202 S.W.3d at 162.

            Appellant posits that since there
were other people in the parking lot that the evidence was insufficient to
connect appellant to the contraband.  See Sims, 99 S.W.3d at 603. 
The essence of appellant’s argument is that someone else could have
placed the cocaine on the ground under the car. 
When each officer was questioned about this, they all had basically the
same response: none of them had ever seen anyone simply place drugs on the
ground and walk away from the drugs.  The
jury heard all of this testimony and chose to believe that appellant tossed the
drugs under the car.  See Lancon, 253 S.W.3d at 704-05.  We cannot say that the jury’s decision was
irrational when it found appellant guilty beyond a reasonable doubt.  See Watson, 204 S.W.3d at 417.  Accordingly, appellant’s second issue is
overruled.

Conclusion

            Having
overruled appellant’s issues, the judgment of the trial court is affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 








Do
not publish.  











[1]
See
Tex. Health & Safety Code Ann.
§ 481.115(b) (Vernon 2010).