NO. 07-11-00249-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 4, 2012

_____

ADALBERTO SANCHEZ PEREZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,885-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Adalberto Sanchez Perez, was convicted of possession of a controlled substance, cocaine, of less than one gram.[1] The trial court sentenced appellant to two years in a State Jail Facility (SJF) and a fine of $1,500; however, the sentence of confinement was suspended, and appellant was placed on community supervision for a period of four years. Appellant has perfected his appeal and brings forth a single issue in which he contends that the evidence was insufficient to support his conviction. We will affirm.

_____

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010).

## Factual Background

Around midnight of December 12, 2009, three officers of the Amarillo Police Department (APD) decided to perform a "bar check"[2] on a bar known as Ocho Segundos, located at 5331 Amarillo Boulevard East. Officer Mariscal led the group into the bar. He was followed by Officer Lichtie and then Officer Thomas. The three officers went straight to the men's restroom.

Immediately upon entering the restroom, Mariscal went to the urinals located on the south side and directly approached appellant. Mariscal grabbed appellant's hand and prevented him from flushing the urinal. Mariscal testified that, as soon as he entered the restroom, he observed appellant and two other men standing very closely together and passing something among them. Mariscal stated that it appeared they were passing a baggie of cocaine among themselves. Upon seeing Mariscal, appellant dropped something from his hand into the urinal. This is when Mariscal grabbed appellant's hand in an effort to prevent the urinal from being flushed.

The trailing officers testified that they could not observe what Mariscal observed upon entering the restroom because Mariscal's body blocked their view. However, as soon as Mariscal reached appellant and grabbed his hand, appellant was handed off to Lichtie and Thomas to be arrested. Lichtie and Thomas then cuffed appellant and placed him under arrest. Both of the other officers testified to seeing an open baggie of cocaine in the bottom of the urinal.

---

[2] A "bar check" was described as going into a bar where there have been fights, underage drinking, or narcotics activity in the past in an attempt to prevent some of the previous activities.

While handing appellant off to the other two officers, Mariscal observed an individual, later identified as Cesar Hermosillo, drop two baggies on the floor. Mariscal immediately arrested Hermosillo. After Hermosillo had been cuffed, he managed to reach his back pocket and flip another baggie on to the floor in an adjacent toilet stall. All the time Mariscal was arresting Hermosillo, he attempted to observe the third man in the restroom, Eric Rodriguez.

Mariscal noticed that it appeared that Rodiguez had dropped a baggie and attempted to hide it by stepping on it. Mariscal asked Lichtie to take custody of Rodriguez and, after that had been done, Mariscal was able to confirm that Rodriguez had been stepping on a baggie.

Officer Thomas was detailed to collect the various baggies of cocaine. The baggie recovered from the urinal was the only one that was opened. In total, Thomas recovered five baggies of suspected cocaine at the scene. However, one was lost at the scene when the three suspects were taken to the police cars. No one contends that the lost bag was the baggie Mariscal observed dropped into the urinal.

At trial, appellant testified in his own defense. Appellant told the jury that he was from Dallas and was working for a roofing contractor on a job at Pantex. Further, appellant testified that he had been subject to a drug test upon beginning the Pantex job and might be subject to another one at any time. Appellant added that he had never tested positive for drugs and did not use drugs.

Regarding the events of the evening in question, appellant stated that he had gone to use the restroom and, while he finished urinating, someone spoke to him and

3

his friend, Rodriguez, asking if they wanted something to "lay off those Coronas." Appellant testified he turned around to see Hermosillo holding the baggie in question. He stated that he did not touch the baggie in question and that he did not drop it into the urinal.

After hearing the evidence, the jury convicted appellant of the charge of possession of a controlled substance, cocaine, in an amount of less than one gram. After a punishment hearing, the trial court sentenced appellant to two years in a SJF and a fine of $1,500, with the SJF sentence being suspended and appellant being placed on community supervision for four years. Appellant appeals, contending that the evidence is insufficient to support the jury's verdict. We disagree with appellant's contention and affirm the trial court's judgment.

Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed, 2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks v. State, 323 S.W.3d 893, 917 (Tex.Crim.App. 2010) (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard

4

mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906, 907 n.26 (discussing Judge Cochran's dissent in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.

In a sufficiency of the evidence review, the essential elements of the offense are those of a hypothetically correct jury charge for the offense in question (i.e., one that accurately sets out the law and adequately describes the offense for which the appellant was tried without increasing the state's burden of proof or restricting the state's theory of criminal responsibility.) See Hooper v. State, 214 S.W.3d 9, 14 (Tex.Crim.App. 2007); Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

In our review, we consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from that evidence. See Hooper, 214 S.W.3d at 13. Circumstantial evidence alone is sufficient to establish the guilt of the accused, and the standard of review as to the sufficiency of the evidence is the same for both direct and circumstantial evidence cases. See id. Each fact need not point directly and independently to the guilt of the accused, so long as the cumulative force of all the evidence, when coupled with reasonable inferences to be drawn from that evidence, is sufficient to support the conviction. See Evans v. State, 202 S.W.3d 158, 166 (Tex.Crim.App. 2006).

5

Possession of a Controlled Substance

A conviction for possession of cocaine is supported only when the defendant "knowingly or intentionally possesses" the drug. <u>See</u> TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). Proof of possession requires evidence the accused exercised "actual care, custody, control, or management" over the substance. <u>See</u> <u>id</u>. § 481.002(38) (West 2010). Thus, the State must prove the accused (1) "exercised care, custody, control, or management over the [contraband]" and (2) knew that the substance "possessed" was contraband. <u>See</u> <u>Martin v. State</u>, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988).

When the accused is not in exclusive control of the place where the contraband is found, the State must establish care, custody, control, or management by linking the accused to the substance through additional facts and circumstances. <u>See</u> <u>Evans</u>, 202 S.W.3d at 161-62; <u>Poindexter v. State</u>, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005). Whether the State's evidence is direct or circumstantial, its evidence of links must establish, "to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." <u>Poindexter</u>, 153 S.W.3d at 405-06 (citing <u>Brown v. State</u>, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995)); <u>Park v. State</u>, 8 S.W.3d 351, 353 (Tex.App.—Amarillo 1999, no pet.).

The many factors by which an accused may, under the unique circumstances of each case, be sufficiently "linked" to the contraband, include: (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the

defendant was under the influence of contraband when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. See Evans, 202 S.W.3d at 162 n.12.; Triplett v. State, 292 S.W.3d 205, 209 (Tex.App.—Amarillo 2009, pet. ref'd.) (numerous factors listed). These factors, however, are simply that—factors which may circumstantially establish the sufficiency of evidence offered to prove a knowing "possession." See Evans, 202 S.W.3d at 162 n.12 ("They are not a litmus test."). It is not the number of links that is dispositive, but rather the logical force of all the evidence. See id. at 162.

## Analysis

The evidence at issue consists of the testimony of the three officers and appellant. There are no issues involving the nature of the contraband seized or the chain of custody of that contraband.

Essentially, the appellant contends that he did not touch the plastic baggie and therefore Mariscal must have been mistaken in his testimony regarding seeing appellant drop the baggie in the urinal. Appellant's testimony thus means, according to his theory

7

of the case, that there are no links between appellant and the contraband in question. See id. at 161-62. Since appellant was not in exclusive control of the place where the contraband was found, this then means that possession has not been proven and, therefore, the evidence is insufficient. See Poindexter, 153 S.W.2d at 405. The problem with this analysis is that it is asking this Court to reweigh the evidence and to second-guess the jury's determination about the credibility of the witnesses. Our job is to view the evidence in the light most favorable to the jury's verdict to ascertain whether the jury's verdict was rational. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620.

What did the jury hear that linked appellant to the cocaine in question? First, and most importantly, Mariscal testified that he observed the cocaine baggie fall from appellant's hand into the urinal where it was ultimately found. This, if believed by the jury, was enough to show possession. See TEX. HEALTH & SAFETY CODE ANN. § 481.002(38). Second, the cocaine was found in the urinal immediately adjacent to where appellant was standing. Evans, 202 S.W.3d at 162 n.12.; Triplett, 292 S.W.3d at 208. Third, appellant's act of attempting to discard the baggie, if believed by the jury, was an act that would be considered, at least, a furtive gesture, if not a conscious act admitting of guilt. See Evans, 202 S.W.3d at 162 n.12. Fourth, at the same time appellant was arrested, two other individuals whom appellant was observed to be standing very closely to, were observed attempting to throw away or conceal baggies of cocaine. See id. Fifth, appellant's admitted friend, Rodriguez, was observed with traces of cocaine on his face and lip below his nose. See id. All of these matters testified to by the three officers are links that tend to show appellant's presence at the scene was more than just fortuitous. See Poindexter, 153 S.W.3d at 405-06. As such, the jury's

8

verdict is a rational verdict because the same is supported by sufficient evidence.  See Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620.  Accordingly, appellant's single issue is overruled.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.