NO. 07-09-00376-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 23, 2010

_____

RICKY BOLTON, JR.,
A/K/A RICKY JUNIOR BOLTON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 58,354-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Ricky Bolton, Jr., appeals his conviction for possession of a controlled substance, cocaine, less than one gram.[1]  Appellant was sentenced to two years in a State Jail Facility of the Texas Department of Criminal Justice (SJF-TDCJ).  Appellant appeals the judgment of the trial court contending that the evidence was legally and factually insufficient to sustain the jury's verdict.  We affirm.

_____

[1] See Tex. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2010).

Factual and Procedural Background

On August 13, 2008, Officer Terry Moore of the Amarillo Police Department was dispatched to a Toot'n Totum convenience store at 1400 East Amarillo Boulevard as part of a forgery investigation. Upon arriving at the Toot'n Totum, Moore observed a 1999 Chevrolet Lumina containing two occupants parked in the parking lot. When Moore pulled into the parking lot, both occupants of the Lumina appeared to duck down. Upon obtaining information that the Lumina might have been involved in the forgery incident, Moore and another officer, Scott Chappel, approached the Lumina in order to interview the two occupants. Appellant was seated in the front passenger seat of the Lumina. Chappel approached the driver, and Moore went to the front passenger side to speak to appellant.

As Moore approached appellant, he noticed that appellant appeared to be nervous. When asked for identification, appellant said he did not have any. When speaking to Moore, appellant would not make eye contact and spoke in such a low tone that Moore had trouble understanding appellant. Moore then asked appellant to step from the vehicle and, instead of getting out of the vehicle, appellant took his left hand and reached back towards his back left pocket. Moore testified he thought appellant might be going for a weapon. Appellant was ordered to show his hand, and, instead of showing his left hand as directed, appellant reached down the right side of the seat with his closed right hand. As appellant made this second move with his hand, Moore reached in through the window to grab appellant's arm to get control of the situation.

2

Appellant kept his right hand tightly closed even as Moore delivered two blows to it in an effort to force the hand open.

Eventually, with the assistance of another officer, Moore pulled appellant from the vehicle. As appellant was being wrestled to the ground, he still kept his right hand tightly closed. While the police attempted to pull appellant's arms behind his back to apply hand-cuffs, Moore noticed appellant make a throwing gesture with his right hand. Moore testified that he did not see anything fly out of appellant's hand; however, upon gaining control of appellant, Moore peered under the vehicle toward which appellant made the throwing gesture. Under the vehicle, Moore found a plastic baggie of crack cocaine. After appellant had been secured, Moore checked the area around where appellant had been seated and found a glass crack pipe stuffed between appellant's seat and the console. Moore testified that this was where appellant had reached with his left hand. After the cocaine was retrieved, it was placed in the property room of the police department until it was taken to the Department of Public Safety laboratory for testing.

Chappel testified that he did not see appellant make the throwing gesture. However, Chappel also testified that he remembered that, all during the struggle to get appellant out of the vehicle, appellant kept his right hand securely clinched. Chappel did recall that Moore commented on appellant making a throwing motion and that the comment was made before the cocaine was found under the vehicle.

The jury convicted appellant and he was subsequently sentenced to serve two years in a SJF-TDCJ. Via two issues, appellant contends that the evidence was legally

3

and factually insufficient to link appellant to the contraband discovered under the vehicle. Disagreeing with appellant, we affirm the trial court's judgment.

## Standard of Review

When an appellant challenges both legal and factual sufficiency, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). In conducting a legal sufficiency review, an appellate court may not usurp the role of the factfinder; rather, our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally. See Laster v. State, 275 S.W.3d 512, 517 (Tex.Crim.App. 2009).

In a factual sufficiency review, we must consider all of the evidence in a neutral light to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In our analysis, we must determine whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. See Steadman v. State, 280 S.W.3d 242, 246 (Tex.Crim.App. 2009). A wrong and unjust verdict includes instances in which the jury's

4

finding "shocks the conscience[]" or clearly demonstrates bias. See Grotti v. State, 273 S.W.3d 273, 280 (Tex.Crim.App. 2008). In a factual sufficiency review, we must be mindful that a jury has already passed on the facts and must give due deference to the determinations of the jury. See Lancon v. State, 253 S.W.3d 699, 704-05 (Tex.Crim.App. 2008). If our decision is to set aside the verdict of the jury, our opinion should clearly explain how the evidence supporting the verdict is too weak on its own or how the contradicting evidence so greatly outweighs the evidence in support of the verdict. See id. at 705. Conversely, if our decision is to uphold a verdict, we are required to consider the most important evidence that the appellant claims undermines the jury's verdict and explain why that evidence does not have the persuasive force the appellant believes is sufficient to overturn the verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

In a sufficiency of the evidence review, the essential elements of the offense are those of a hypothetically correct jury charge for the offense in question (i.e., one that accurately sets out the law and adequately describes the offense for which the appellant was tried without increasing the State's burden of proof or restricting the State's theory of criminal responsibility). See Hooper, 214 S.W.3d at 14; Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

In our review, we consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from that evidence. See Hooper, 214 S.W.3d at 13. Circumstantial evidence alone is sufficient to establish the guilt of the accused, and the standard of review as to the sufficiency of the evidence is the same for both

5

direct and circumstantial evidence cases.  See id.  Each fact need not point directly and independently to the guilt of the accused, so long as the cumulative force of all the evidence, when coupled with reasonable inferences to be drawn from that evidence, is sufficient to support the conviction.  See id.

## Possession of a Controlled Substance

A conviction for possession of cocaine is supported only when the defendant "knowingly or intentionally possesses" the drug.  TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2010).  Proof of possession requires evidence the accused exercised "actual care, custody, control, or management" over the substance.  See id. § 481.002(38) (Vernon 2010).  Thus, the State must prove the accused (1) "exercised care, custody, control, or management over the [contraband]" and (2) knew that the substance "possessed" was contraband.  See Martin v. State, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988).

When the accused is not in exclusive control of the place where the contraband is found, the State must establish care, custody, control, or management by linking the accused to the substance through additional facts and circumstances.  See Evans v. State, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006); Poindexter v. State, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005).  Whether the State's evidence is direct or circumstantial, its evidence of links must establish, "to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous."  Poindexter, 153 S.W.3d at 405-06 (citing Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995)); Park v. State, 8 S.W.3d 351, 353 (Tex.App.–Amarillo 1999, no pet.).

6

The many factors by which an accused may, under the unique circumstances of each case, be sufficiently "linked" to the contraband, include: (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of contraband when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. Evans, 202 S.W.3d at 162 n.12; See Triplett v. State, 292 S.W.3d 205, 208 (Tex.App.–Amarillo 2009, pet. ref'd.) (listing numerous factors). These factors, however, are simply that: factors which may circumstantially establish the sufficiency of evidence offered to prove a knowing "possession." See Evans, 202 S.W.3d at 162 n.12 (explaining that factors "are not a litmus test"). It is not the number of links that is dispositive, but rather the logical force of all the evidence. See id. at 162.

Analysis

Appellant contends that a lack of links to the contraband makes the evidence legally and factually insufficient. This is so, according to appellant, because no one testified that they saw appellant actually throw the baggie of cocaine later found beneath the car. Appellant's theory of the case continues that, since Moore only saw a throwing motion, there is no link between appellant and the later found baggie.

Links

The record before the Court contains the following facts that link appellant to the contraband in question: 1) appellant's conduct indicated a consciousness of guilt in that he: a) slid down and tried to duck down in his seat when the police arrived at the location of the forgery, b) appeared nervous when Moore approached him, c) would not make eye contact with Moore, d) replied to questions in such a low voice that Moore had difficulty hearing him, and e) refused to exit the vehicle when ordered; 2) appellant made a furtive gesture with his left hand; 3) appellant had his right fist closed and refused to open it; 4) the closed fist was the hand with which appellant made the throwing gesture; 5) the cocaine was found at a location which was in line with the throwing gesture made by appellant; and 6) the glass crack pipe was found between the seat appellant occupied and the console. See id. at 162.

Legal Sufficiency

When the links that tie appellant to the contraband are examined, we are left with a significant amount of testimony connecting appellant to the cocaine. Remembering

8

that circumstantial evidence is as probative of the links required as is direct evidence, we conclude that the links recited above are sufficient to legally connect appellant to the contraband. See Hooper, 214 S.W.3d at 13. Finally, we must be mindful that it is not the number of links that are important but the logical force of the links in question that is important. Evans, 202 S.W.3d at 162. Because we find there are sufficient links to connect appellant to the cocaine, the jury was acting as a rational factfinder when it found appellant guilty beyond a reasonable doubt. Jackson, 443 U.S. at 319; Hooper, 214 S.W.3d at 13. Appellant's first issue is overruled.

Factual Sufficiency

The same links that tie appellant to the cocaine in a legal sufficiency review are present when the evidence is viewed in a neutral light, as we must do when reviewing factual sufficiency issues. Watson, 204 S.W.3d at 415. Further, nothing about the jury's finding "shocks the conscience" or clearly demonstrates bias. See Grotti, 273 S.W.3d at 280. Neither is the evidence so weak as to render the verdict manifestly unjust. See Steadman, 280 S.W.3d at 246. Simply stated, from appellant's first contact with Moore, he sensed that appellant was trying to hide something. Appellant's actions in refusing to show his hands and then keeping the right hand in a closed fist were indications that appellant had contraband. When we add to this the throwing motion and finding the cocaine directly in line with where the throwing motion indicated, we have factually sufficient evidence to connect appellant with the cocaine. Finally, finding the glass crack pipe stuffed down between the seat and the console where Moore

9

observed appellant place his left hand further ties appellant to the cocaine. All of this evidence serves as links to tie appellant to the cocaine. See Evans, 202 S.W.3d at 162.

Appellant posits that since there were other people in the parking lot that the evidence was insufficient to connect appellant to the contraband. See Sims, 99 S.W.3d at 603. The essence of appellant's argument is that someone else could have placed the cocaine on the ground under the car. When each officer was questioned about this, they all had basically the same response: none of them had ever seen anyone simply place drugs on the ground and walk away from the drugs. The jury heard all of this testimony and chose to believe that appellant tossed the drugs under the car. See Lancon, 253 S.W.3d at 704-05. We cannot say that the jury's decision was irrational when it found appellant guilty beyond a reasonable doubt. See Watson, 204 S.W.3d at 417. Accordingly, appellant's second issue is overruled.

Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

10